IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE CLARK WILLIAMS,

    Plaintiff,     No.  2:12-cv-2889 CKD P

    vs.

X. O. NORTON, et al.,

    Defendants.     ORDER

_____/

    Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. §1915.

    A prisoner may not bring a civil action or appeal a civil judgment under the in forma pauperis statute

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

\\\\\

1

1	A review of court records reveals that, on at least three occasions prior to the
2	filing of this action, lawsuits filed by plaintiff in this district were dismissed on the grounds that
3	they were frivolous or malicious or failed to state a claim upon which relief may be granted.[1] See
4	Williams v. Gonzales, 1:03-cv-6770 REC WMW P (E.D. Cal. Sept. 10, 2004) (order designating
5	plaintiff as three strikes litigant under 28 U.S.C. § 1915(g)); see also Williams v. Gomez, 2:11-
6	cv-0426 GEB EFB P (E.D. Cal. Feb. 6, 2012) (order revoking plaintiff's in forma pauperis status
7	pursuant to § 1915(g)).

8	In the present case, plaintiff has not alleged facts that suggest she is under
9	imminent danger of serious physical injury.  Plaintiff alleges that defendant Elias, a nurse at
10	California State Prison-Sacramento, improperly provided correctional officers with used
11	syringes, which plaintiff claims could be used to harm herself and other inmates by injecting their
12	food with poison.  She also asserts, as in several previous complaints, that prison staff are trying
13	to poison her. (Dkt. No. 1 at 4-6.)  Though plaintiff claims she faces "imminent danger," she
14	does not plausibly allege that she was under imminent threat of serious physical injury when she
15	filed the complaint.  See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th
16	Cir. 2007).  See also Williams v. CDCR, 2:12-cv-1616 JAM EFB P (E.D. Cal. Aug. 1, 2012)
17	(finding implausible plaintiff's allegations of being poisoned and recommending that plaintiff's
18	application for in forma pauperis status be denied; adopted by district court on Oct. 29, 2012);
19	Williams v. Willie, 2:11-cv-1532 MCE DAD (E.D. Cal. Mar. 16, 2012) (finding implausible
20	plaintiff's allegations of being poisoned, noting she had been making such claims since 2006,
21	and determining that the imminent danger exception of § 1915 did not apply; adopted by district
22	court on April 23, 2012); Williams v. Gomez, 2:11-cv-0426 GEB EFB P (E.D. Cal. Dec. 21,
23	2011) (finding implausible plaintiff's allegations of being poisoned and recommending that
24	plaintiff's in forma pauperis status be revoked; adopted by district court on Feb. 6, 2012).

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Thus, plaintiff must pay the filing fee in order to proceed with this case.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is denied;

2. Plaintiff shall submit, within twenty days from the date of this order, the $350.00 filing fee for this action; and

3. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: December 4, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
will2889.3_strikes